UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHARON D. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:13 CV 87 DDN |
| ZHONGDING USA HANNIBAL, INC., INC., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendant Zhongding USA Hannibal, Inc., to dismiss plaintiff's complaint. (Doc. 6.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9.) The court heard oral argument on November 19, 2013.

## I.  BACKGROUND

On February 21, 2013, plaintiff Sharon D. Davis brought suit against defendant Buckhorn Rubber Products, Inc. in the Circuit Court of Marion County. (Doc. 8.) On April 12, 2013, defendant Buckhorn removed the action to this court under 28 U.S.C. § 1441(b), invoking diversity of citizenship jurisdiction under 28 U.S.C. § 1332. On July 18, 2013, this court remanded the action to state court for lack of subject matter jurisdiction. Davis v. Buckhorn Rubber Products, Inc., 2013 WL 3779116 (E.D. Mo. 2013).

On September 6, 2013, the Circuit Court of Marion County granted plaintiff's motion to substitute Zhongding USA Hannibal, Inc. (Zhongding), for Buckhorn Rubber Products, Inc., as defendant; Zhongding advises that it does business under the name Buckhorn Rubber Products, Inc. (Doc. 1, n. 1.) On October 7, 2013, defendant Zhongding removed the action to this court, invoking diversity of citizenship subject matter jurisdiction. (Id.)

Plaintiff's complaint alleges the following.  From October 30, 1978 to May 4, 2012, defendant Zhongding[1] employed plaintiff as a trimmer and packer.  (Doc. 8 at ¶ 9.)  On October 27, 2010, plaintiff filed a worker's compensation claim for an injury that occurred during the course of her employment in June 2010.  (Id. at ¶¶ 10-11.)  After plaintiff filed the claim, defendant continuously harassed plaintiff by imposing on her duties that it did not impose on other employees.  (Id. at ¶ 12.)  Defendant questioned other employees about plaintiff's work.  (Id. at ¶ 13.)  Plaintiff's former counsel discussed the harassment with defendant.  (Id. at ¶ 14.)

On Saturday, April 28, 2012, plaintiff informed her employer that she would miss work that day due to illness.  (Id. at ¶ 15.)  On Monday, April 30, 2012, plaintiff returned to work.  (Id. at ¶ 16.)  On May 4, 2012, defendant terminated her for the stated reason she failed to present medical documentation for the illness that caused her to miss work on April 28.  (Id. at ¶ 17.)  In her prior 33 years of employment with defendant, defendant had not previously required medical documentation for missing one day of work.  (Id. at ¶ 18.)

Prior to her termination, plaintiff nearly qualified for retirement and pension benefits.  (Id. at ¶ 23.)  After her termination, plaintiff filed for unemployment benefits.  (Id. at ¶ 20.)  Although she qualified for such benefits, defendant denied them for the stated reason of misconduct.  (Id. at ¶ 21.)

In Count I, plaintiff alleges defendant intentionally terminated her employment and denied her unemployment benefits in retaliation for her filing a workers' compensation claim.  Plaintiff alleges "as a result of Defendant's retaliatory conduct, [she] has been unlawfully deprived of the opportunity to return to work, and has been subjected to emotional distress and mental anguish."  (Id. at ¶ 27.)  Plaintiff alleges defendant violated Mo. Rev. Stat. § 213.055, the Missouri Human Rights Act (MHRA).

In Count II plaintiff alleges that by its actions defendant intentionally inflicted significant and severe emotional distress on her, that defendant knew or should have known that its conduct involved an unreasonable risk of causing distress, that defendant terminated plaintiff without cause and for pretextual reasons during the pendency of her workers' compensation claim.  (Id. at ¶¶ 29-34.)

---

[1] This court considers plaintiff's state court petition, which remains unchanged since the commencement of the action, to have been amended by the state court's granting of plaintiff's motion to substitute parties.  Therefore, this court considers plaintiff's petition and her claims in this court to be against defendant Zhongding.

Plaintiff seeks equitable relief, compensatory damages, punitive damages, attorney's fees, and costs.

## II. MOTION TO DISMISS

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6)for lack of subject matter jurisdiction and for failure to state a claim.  Defendant argues that the MHRA provides no relief for plaintiff's retaliation claim as alleged, that plaintiff fails to state a claim for intentional infliction of emotional distress due to failure to allege outrageous conduct or medically diagnosable physical harm, and that the Missouri worker's compensation statute provides the exclusive remedy for plaintiff's intentional infliction of emotional distress claim. (Doc. 7.)

Plaintiff argues in her memorandum in opposition to the motion to dismiss that she adequately states a claim for workers compensation retaliation under the Workers' Compensation Law, Mo. Rev. Stat. § 287.780.  She also argues that defendant acted outrageously, that she suffered physical injury, and that she could not obtain medical documentation due to lack of insurance.  Defendant replies that plaintiff fails to plead an exclusive causal relationship between her injury and the filing of the workers compensation complaint. (Docs. 15, 16.)

## III.  MOTION TO DISMISS STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint.  See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

## IV.  DISCUSSION

Defendant moves to dismiss, arguing, as stated, that: (1) the MHRA does not cover plaintiff's retaliation claim as alleged; (2) the Missouri's worker's compensation statute provides the exclusive remedy for plaintiff's intentional infliction of emotional distress claim; and (3) plaintiff failed to state a claim for intentional infliction by failing to allege outrageous conduct and physical harm.

**A. Count I Retaliation Claim**

Defendant argues that the MHRA does not cover plaintiff's Count I retaliation claim as alleged.  Specifically, plaintiff alleges retaliation against defendant, specifically invoking the MHRA.  She contends that her claims for worker's compensation and unemployment benefits motivated her termination.  The Missouri Human Rights Act states in relevant part:

> It shall be an unlawful discriminatory practice . . . to retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter.

Mo. Rev. Stat. § 213.070(2).  The MHRA prohibits discrimination in areas including housing practices, commercial real estate loans, real estate sales and rentals, and public accommodation.  Mo. Rev. Stat. § 213.010 et seq.; Keeney v. Hereford Concrete Products, Inc., 911 S.W.2d 622, 624 (Mo. 1995).  Additionally, the MHRA prohibits employment discrimination on the basis of "race, color, religion, national origin, sex, ancestry, age or disability of any individual."  Mo. Rev. Stat. § 213.070.  Moreover, the MHRA authorizes several proceedings to facilitate the enforcement and administration of the Act.  See e.g., Mo. Rev. Stat. § 213.075 (allowing complainants to file complaints under the MHRA with the Missouri Commission on Human Rights); Mo. Rev. Stat. § 213.077 (allowing the Missouri Commission on Human Rights to engage settlements and conciliation).  Significantly, the MHRA does not govern claims for worker's compensation or unemployment benefits.

Plaintiff *argues* that the Missouri Workers' Compensation Act, Mo. Rev. Stat. § 287.780, allows actions for retaliation for filing worker compensation claims.  The court agrees.  See Buehrle v. City of O'Fallon, Mo., 695 F.3d 807, 813 (8th Cir. 2012) (citing Crabtree v. Bugby, 967 S.W.2d 66, 70 (Mo. 1998)).  However, plaintiff has not *pled* her retaliation claim under the

Missouri Workers' Compensation Act, but incorrectly under the Missouri Human Rights Act.

Plaintiff does not allege that defendant retaliated against her because she opposed any practice prohibited by the MHRA or because she participated in an investigation, proceeding, or hearing conducted under the MHRA.  Accordingly, plaintiff fails to state a retaliation claim under the Missouri Human Rights Act upon which relief can be granted.

Because plaintiff has *argued* that she in entitled to relief under the Missouri Workers' Compensation Act, the court dismisses the Count I claim of retaliation without prejudice to plaintiff *amending her complaint* to seek relief under the Missouri Workers' Compensation Act.

### B. Intentional Infliction of Emotional Distress

Defendant argues that Missouri's worker's compensation statute provides the exclusive remedy for plaintiff's Count II intentional infliction of emotional distress claim.  "Workers' compensation laws are the exclusive remedy for injuries arising out of and in the course of employment."  Palermo v. Tension Envelope Corp., 959 S.W.2d 825, 829 (Mo. Ct. App. 1997) (citing Mo. Rev. Stat. § 287.120).  Further, the Missouri Labor and Industrial Relationship Commission has exclusive jurisdiction over such claims.  Killian v. J & J Installers, Inc., 802 S.W.2d 158, 160 (Mo. 1991).  However, if an employee alleges that emotional distress resulted from termination, the injury does not arise during the course of employment, and, therefore, the exclusivity provisions of the worker's compensation statute do not apply.  Palermo, 959 S.W.2d at 829; see also Kientzy v. McDonnell Douglas Corp., 990 F.2d 1051, 1060-61 (8th Cir. 1993).

Plaintiff alleges that her emotional distress resulted from her termination.  (Doc. 8 at ¶¶ 29-34.)  Therefore, the exclusivity provisions of the worker's compensation statute do not apply.

Defendant also argues that plaintiff fails to state a claim for intentional infliction of emotional distress by failing to allege outrageous conduct and medically diagnosable or medically significant physical harm.  "Under our diversity jurisdiction, when interpreting Missouri law, we are bound by the decisions of the Missouri Supreme Court."  Rucci v. City of Pac., 327 F.3d 651, 652-53 (8th Cir. 2003).

The Supreme Court of Missouri has stated repeatedly that intentional infliction of emotional distress claims require "extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm."  See e.g., Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. banc 1997); K.G. v. R.T.R., 918 S.W.2d 795, 799

(Mo. banc 1996); Nazeri v. Missouri Valley Coll., 860 S.W.2d 303, 316 (Mo. banc 1993) (citing Pretsky v. Southwestern Bell Tel. Co., 396 S.W.2d 566, 568 (Mo. 1965)).  Further, the Supreme Court of Missouri has indicated that medically documentable damage is not a requirement for intentional infliction of emotional distress claims.  State ex rel. Dean v. Cunningham, 182 S.W.3d 561, 566 n.4, 568 (Mo. 2006); see Fust v. Francois, 913 S.W.2d 38, 48 (Mo. Ct. App. 1995); Signorino v. Nat'l Super Markets, Inc., 782 S.W.2d 100, 104 (Mo. Ct. App. 1989).  Therefore, the court determines that Missouri law does not require medical documentation *but does* require consequent bodily harm for intentional infliction of emotional distress claims.[2]

Plaintiff alleges no facts supporting that her emotional distress caused her bodily harm.  Therefore, plaintiff fails to allege an essential element of her intentional infliction of emotional distress claim, and thus fails to allege a claim upon which relief can be granted.  Accordingly, plaintiff's claim for intentional infliction of emotional distress is dismissed without prejudice.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant Zhongding USA Hannibal, Inc. to dismiss plaintiff's complaint (Doc. 6) is sustained.  Plaintiff's complaint is dismissed without prejudice to the filing of an amended complaint within 45 days of this Memorandum and Order.

       /S/   David D. Noce       
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 9, 2014.

---

[2] The court notes that the Missouri Court of Appeals has held to the contrary that intentional infliction of emotional distress claims require medical documentation and do not require physical injury, often citing Bass v. Nooney, 646 S.W.2d 765, 772-73 (Mo. banc 1983), which involved a claim for negligent infliction of emotional distress.  See e.g., Young v. Stensrude, 664 S.W.2d 263, 265 (Mo. Ct. App. 1984); Greco v. Robinson, 747 S.W.2d 730, 735 (Mo. Ct. App. 1988); Childs v. Williams, 825 S.W.2d 4, 10 (Mo. Ct. App. 1992); but see Williams v. Blumer, 763 S.W.2d 242, 248 (Mo. Ct. App. 1988) (holding that intentional infliction of emotional distress claims require "contemporaneous traumatic physical injury").  However, as set forth above, the decisions of the Missouri Supreme Court are binding.